UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:22-cv-6079 |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## PRELIMINARY INJUNCTION ORDER

Plaintiff filed a Motion for Entry of a Preliminary Injunction against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Amended Complaint (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered November 17, 2022 (Dkt. 24) ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis

1

to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered copyrights (the "Copyrighted Works") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that utilize Plaintiff's Copyrighted Works. *See* Docket No. 8-3.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) Plaintiff owns valid copyrights in the Copyrighted Works, (2) products marketed and sold by Defendants utilize works that are substantially similar to Plaintiff's Copyrighted Works, and (3) Defendants have had access to Plaintiff's Copyrighted Works.

Furthermore, Defendants' continued and unauthorized use of the Copyrighted Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the

2

public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Copyrighted Works or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product made by Plaintiff or not authorized by Plaintiff to be sold;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product made by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. reproducing, publicly displaying, distributing, or otherwise further infringing Plaintiff's copyrights in Plaintiff's Copyrighted Works; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff nor authorized by Plaintiff to be sold or offered for sale that constitute or include the Copyrighted Works, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants that involve the reproduction, public display, distribution, or other use of Plaintiff's Copyrighted Works or any works substantially similar thereto.

6. Any Third Party Providers, including, without limitation, PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in

        Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief

9. The foregoing paragraphs of this Order apply to all Defendants remaining in the case, except Defendant Panther Print. The motion for a preliminary injunction against Defendant Panther Print is granted in part and denied in part in light of the Court's concerns about whether the scope of the proposed injunction is proportionate given the unique situation of Defendant Panther Print (especially the small number of sales in question). The Court reaches that conclusion for Defendant Panther Print only, because

only Panther Print made an appearance and provided facts about its sales. Based on the record, Panther Print's Etsy store and frozen funds shall be immediately released. Panther Print shall refrain from selling any of the alleged infringing items set forth in the Complaint, specifically the Audrey Hepburn bubblegum chewing gum and Marilyn Monroe pink bubble gum canvas wall art picture prints. Plaintiff is free to renew this motion as appropriate.

IT IS SO ORDERED.

Date: December 18, 2022

Steven C. Seeger
United States District Judge